UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | No. 1:24-cr-10115-NMG |
| ) | |
| DEONDRE BLANDING, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEONDRE BLANDING'S MEMORANDUM
IN SUPPORT OF JOINT SENTENCING RECOMMENDATION**

**INTRODUCTION**

Defendant Deondre Blanding submits this memorandum in support of the request that this Court accept his plea, offered pursuant to Fed. R. Crim. P. 11 (c)(1)(C), and order a disposition of 60 months incarceration followed by 48 months of supervised release as jointly recommended by the parties. The Information charges that on October 8, 2023, Mr. Blanding committed the offense of possessing a firearm in furtherance of a drug trafficking crime in violation of U.S.C. 18 § 924(c)(1)(A).

On February 15, 2024, a two-year FBI investigation into Heath Street Gang Members culminated with over 40 defendants criminally charged. Mr. Blanding is among the first in the group to plead guilty. Mr. Blanding respectfully submits that the joint sentencing recommendation fairly accounts for his prompt acceptance of responsibility, genuine remorse, and various mitigating factors including his tumultuous childhood and adolescence.

1

Mr. Blanding's prompt and unequivocal acceptance of responsibility is reflected by the chronology of this case:

- February 15, 2024, Mr. Blanding was criminally charged.

- February 20, 2024, Mr. Blanding self-surrendered to the Boston Police Department, and made his initial appearance in federal court.

- February 29, 2024, Mr. Blanding waived his right to a preliminary hearing and agreed to an order of detention pending trial.

- March 29, 2024, defense counsel informed the Government that Mr. Blanding intended to plead guilty and accept responsibility for his conduct.

- April 26, 2024, Mr. Blanding signed the plea agreement.

- May 28, 2024, Mr. Blanding waived his right to an indictment and pleaded guilty to the charged offense.[1]

As reflected by his extraordinary acceptance of responsibility, Mr. Blanding is deeply remorseful for his crime. Less than 100 days after his initial appearance, having reviewed only a small amount of evidence against him, Mr. Blanding pleaded guilty. His exceptional acceptance of responsibility demonstrates that he is prepared to be punished for his conduct. Importantly, Mr. Blanding understands that his conduct has had significant consequences that have impacted not just himself but the broader community. Mr. Blanding in no way minimizes his conduct. Instead, he has made a clear decision to turn from his former life to start a new chapter for himself and his family. Despite the many consequences and challenges he now faces, he is highly motivated to engage in meaningful rehabilitation and take the necessary steps to ensure that he is on the right path following his incarceration. He is a 27-year-old man with great potential to live a law-abiding and productive life. A 60-month

---

[1] Mr. Blanding's prompt acceptance of responsibility has **not** included any form of cooperation with the Government.

sentence of incarceration followed by 48 months of supervised release – while a substantial sentence for a young man – would give him an opportunity to do just that.

## **CALCULATION OF THE SENTENCING GUIDELINES**

There is no dispute between the parties regarding the proper calculation of the United State Sentencing Guidelines. As set forth in the plea agreement, Mr. Blanding's Guideline sentence is the minimum term of imprisonment required by statute, which, under 18 U.S.C. § 924(c)(1)(A)(i), is a five-year sentence of imprisonment pursuant to United States Sentencing Guidelines § 2K2.4.

## **CONSIDERATION OF THE PURPOSES SET FORTH IN 18 U.S.C. § 3553(a)**

The calculation of the sentencing range established by the United States Sentencing Guidelines is only one of the factors that this Court must consider in determining an appropriate sentence for Mr. Blanding. In addition to the guidelines, this Court must consider all the purposes identified under 18 U.S.C. § 3553(a), including, *inter alia*, the nature and circumstances of the offense, the defendant's personal history and circumstances, the need for the sentence to reflect the seriousness of the offense, and to afford adequate deterrence to criminal conduct.

### A.   The Nature and Circumstances of Mr. Blanding's Offense Conduct

The presentence report accurately describes the offense conduct in this case. As described in the report, Mr. Blanding possessed a firearm while arranging for and participating in the purchase of marijuana. Thankfully, no one involved in the offense was harmed in any way. This was a very serious offense that Mr. Blanding sincerely regrets.

Certainly, there is no excuse or justification for Mr. Blanding's crime. That said, for the Court to make a fair assessment of his offense conduct, he respectfully submits that it should be viewed in the context of his personal history, especially the trauma he experienced as a 13-

year-old boy when his father was murdered, and the substantial obstacle that has posed towards his development as an adolescent and a young man.

**B.      Mr. Blanding's Personal History and Characteristics**

Early in his life, tragedy and trauma profoundly impacted Mr. Blanding.  At age six, he experienced physical and mental abuse at the hands of his mother's boyfriend, who beat him with belts and sticks.  After a school official noticed lacerations on his body, the Department of Children and Families removed Mr. Blanding from the home and placed him in foster care.  Mr. Blanding eventually returned to the home, where his mother was the primary parent in his life.  Though she worked hard to provide necessities for Mr. Blanding, her daily struggle with alcoholism significantly hindered Mr. Blanding's development.

When Mr. Blanding was a young teenager, his father, Marcellus Blanding, was murdered from a gunshot wound to the head.  The police came to Mr. Blanding's home late at night to report that they found his father's body behind a dumpster from an apparent murder.  The perpetrator of the murder has never been identified or apprehended.

Mr. Blanding's life story, short as it has been thus far, is one of misfortune, abuse, neglect, and challenges which no young individual should have to endure.  Mr. Blanding's history of trauma provides important context to his decision to participate in activities in the Heath Street gang.  More specifically, Mr. Blanding's history of trauma and abuse along with his young age at the time of the offense, are critical factors that do not excuse but help explain why he chose to associate with the Heath Street gang.  Associating with the Heath Street gang provided Mr. Blanding with status and confidence and catalyzed his self-perception from weak and abandoned to valued and empowered.  While none of this is an excuse for Mr. Blanding's criminal conduct, the context of his tumultuous upbringing undeniably played a role in the crime.

**C.     Respect for the Law and Sufficiency of Deterrence**

A 60-month sentence of incarceration reflects the seriousness of the consequences for those who choose membership, association, or participation in the Heath Street gang.  The sentence delivers a strong message to those who are presently members of the gang or contemplating membership: if you are a member of Heath Street gang or participate in Heath Street gang activities you will be caught, you will be prosecuted, and you will serve a substantial amount of time in prison.  This sentence reflects the seriousness of the offense and promotes respect for the law.  Mr. Blanding does not need to be subjected to incarceration for more than 60 months to deter him from engaging in this conduct again.  He has already paid a significant price for his conduct and will continue to do so.

Importantly, Mr. Blanding's period of supervised release is 4 years in duration and includes several significant requirements to assist him in keeping on the right path post-incarceration.  For example, during the period of supervised release, Mr. Blanding will be prohibited from being in the Bromley Heath and Mildred C. Haily housing development, which will physically remove him from many, if not all, of the individuals who have been charged in connection with this investigation and those who participate in Heath Street gang activities.

Mr. Blanding has demonstrated that he will make effective use of correctional programs and trainings that are offered to him.  As reflected by the various programs that Mr. Blanding has completed while detained at Wyatt Detention Facility, he is clearly capable and focused on improving himself.  For example, Mr. Blanding's completion of the Rational Thinking program taught him not only the importance of making good decisions, but also equipped him with the tools to do so.  Mr. Blanding has attached certificates for programs completed as Exhibit A.

Mr. Blanding has demonstrated redeemable qualities and positive contributions to those in his life.  As noted in the letter of support provided by his partner, Alecea Gunn, Mr. Blanding

5

continues to play a critical role in the emotional support of his two sons.  Ms. Gunn's letter paints a picture of Mr. Blanding as a committed and devoted partner, who will undoubtedly do his best to contribute to his family during and following his incarceration.  A copy of Ms. Gunn's letter of support is attached as Exhibit B.  Indeed, Mr. Blanding's former employers recognized his strong work ethic and people skills.  As reflected in Paragraph No. 75 in the presentence report, a former employer commented, "Deondre was a very hard worker, well liked by customers and co-workers."  Another former employer commented, "Deondre was always great to have with us and would be welcome back."  *See* Presentence Report Paragraph No. 78.

## CONCLUSION

In sum, the jointly recommended sentence fairly accounts for Mr. Blanding's prompt acceptance of responsibility, includes a substantial punitive component of a 5-year prison sentence, and a set of meaningful restrictions post-incarceration to foster rehabilitation.  The recommended sentence reflects a carefully fashioned disposition that is "sufficient but no more than necessary" to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).  Accordingly, Mr. Blanding respectfully requests that the Court impose the agreed-upon disposition.

Respectfully submitted,
Deondre Blanding,

By his Attorney,

/s/ Michael R. DiStefano
Michael R. DiStefano (BBO #675615)
Todd & Weld LLP
One Federal Street
Boston, MA  02110
(617) 720-2626
mdistefano@toddweld.com

Dated: August 30, 2024

## CERTIFICATE OF SERVICE

I, Michael R. DiStefano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2024.

/s/ Michael R. DiStefano